## ESTATE OF J. J. HAZLETT, DECEASED.

APPEAL BY J. M. STEWART FROM THE ORPHANS' COURT OF FOREST COUNTY.

Argued October 6, 1890—Decided November 3, 1890.

(a) Exceptions were filed to the confirmation of an Orphans' Court sale for the payment of a decedent's debts, on the ground that the sale was made in undue haste, when it was known that the exceptant would bid more than the bid accepted, and would be present in a few moments for that purpose:

1. The exceptant, alleging that he was a creditor interested, but not stating the character of his claim and not alleging collusion between the administrator and the purchaser, and the evidence showing that the sale was made at the time and place advertised, a decree confirming the sale was affirmed by a divided court.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 249 October Term 1890, Sup. Ct.; court below, No. 2 September Term 1888, O. C.

Statement of Facts.

To the number and term of the court below, Mrs. Lizzie C. Hazlett, administratrix of the estate of J. J. Hazlett, deceased, to an order of said court directing said administratrix to make public sale of the interest of said deceased in certain real estate, for the payment of debts, made return that, having given due public notice of the time and place of sale, she did, on January 29, 1889, at the time and place of the notice, expose the said interest to sale by public outcry, and sold the same to J. F. Proper, of Tionesta, Pa., for $700, "he being the best bidder and that the best price bidden for the same," praying that said sale be confirmed.

J. M. Stewart, alleging that he was a creditor of the decedent's estate, and that the estate was insolvent, filed the following exceptions to the confirmation:

1. The sale was made with undue haste, and the property knocked down within three minutes after the hour named in the advertisement for sale, by some watches, and before the hour of sale, by other watches believed to be correct, thereby depriving the exceptant of the opportunity of bidding; it being well known by those conducting the sale that the exceptant's agent had come to Tionesta for the purpose of bidding upon the property, and would be present and bid, within a few minutes, if the sale should be delayed so long.

2. The exceptant's agent arrived at the place of sale at the hour named in the advertisement for sale, by his watch, which he believed to be correct, with instructions to bid $1,000 for the property, and would have so bid if he had been allowed so to do by the person conducting the sale.

3. The price for which the property was sold was inadequate, and at least $300 less than the exceptant's agent was instructed to bid therefor, and was ready, willing and offering to bid.

The exceptant hereby offers to bid $1,000 for said property, if said sale is set aside, and he is permitted or given an opportunity so to do.

—The depositions taken on behalf of the exceptant, upon the rule granted, were to the effect that one D. O. Brown was sent by him to Tionesta to attend the sale, with instructions to bid $1,000, or more if necessary; that the night before the sale Brown was approached in the hotel by O. W. Proper, who told him that he would be the only other bidder at the sale and de-

Opinion of Court below.

sired to know how much Brown would take to stay away, but Brown repudiated the proposition; that Brown went to the court house at ten o'clock, by his watch which he believed to be correct, and found that the sale had been held and the property purchased by J. F. Proper for $700; that Brown afterwards met Proper and the latter said that the property was sold to him at two minutes after ten; that, about fifteen or twenty minutes after ten, Brown made an offer in writing of $900 to the attorney of the administratrix, which was refused. One of the exceptant's witnesses testified that the sale was completed by three minutes after ten, and that he was present and did not hear any description of the land read.

The depositions on the part of the administratrix were to the effect that the property was sold about five minutes after ten, in the usual way.

After argument of the exceptions, the court, BROWN, P. J., filed the following opinion:

The evidence seems clearly to show that the sale was made at the time and place of the notice; and, while it may be that it was conducted with haste, and possibly with the hope that, Mr. Proper would become ₁the purchaser, this alone is not a good reason for refusing confirmation; it should further appear that the sale is prejudicial to the exceptant, inasmuch as the administratrix is asking the confirmation.

The exceptant states in his deposition that he claims to be a creditor of the estate of J. J. Hazlett to the extent of at least $600. He does not state the character of the claim, to enable us to determine whether it is or is not a prima facie valid claim. He does not allege collusion between the administratrix and Proper to wrong him as a creditor. The administratrix is asking the sale to be confirmed, and, if she has wrongfully refused a higher bid for the property, by reason of which the exceptant's claim against the estate, if a valid one, is impaired, he has his remedy against her in the settlement of her accounts, or possibly by an action. If the exceptant was not an actual creditor of the estate, but interested only in buying the property as a speculation, he has not been legally prejudiced so as to give him a standing to oppose the confirmation of the sale.

The exceptions are overruled and sale is confirmed.

Syllabus.

—The exceptant therefore took this appeal specifying that the court erred in dismissing his exceptions and confirming the sale.

*Mr. C. Heydrick* (with him *Mr. Carl I. Heydrick*), for the appellant.

Counsel cited: Breil's App., 24 Pa. 511; Dull's App., 108 Pa. 604; Drennan's App., 118 Pa. 187; § 4, act of April 14, 1835, P. L. 276.

*Mr. J. H. Osmer*, for the appellee.

PER CURIAM:

Decree affirmed by an equal division, and the appeal dismissed at the costs of the appellant.

Decree affirmed.